**Rodney BRANHAM, Plaintiff–Appellant,**

v.

**James P. ADAIR; Dave Nicholson; Joseph McCarthy, Jr.; Terry Houlahan, Defendants–Appellees.**

No. 01–2731.

United States Court of Appeals, Sixth Circuit.

June 24, 2002.

Before CLAY and GILMAN, Circuit

Judges; HAYNES, District Judge.*

### ORDER

Rodney Branham, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. § 1985(3). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Branham filed suit against two state court judges (Adair and Nicholson), an assistant prosecutor (McCarthy), and an attorney (Houlahan) for monetary and equitable relief. The district court construed the complaint as asserting that the defendants had conspired to deprive Branham of a public court hearing on a motion to remand a state criminal case on new charges, while knowing that the "wife/complainant" wanted to stop the prosecution. (Branham did not indicate the charges against him.) The district court sua sponte dismissed the case, reasoning that the *Younger* abstention doctrine barred review, that the bad-faith prosecution exception did not apply, and that Branham's indirect challenge to his confinement was barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Branham filed a motion to reconsider and argued that the district court had erroneously construed his complaint. He stated that he was not raising claims concerning unnecessary prosecution, conspiracy to deny a fair hearing, and illegal confinement, or any claim for damages pursuant to 42 U.S.C. § 1983. Rather, Branham sought "public scrutiny of conspiracies designed or intended to intimidate, humiliate, degrade, and retaliate in

clandestine, subversive meetings by state cabals" [sic] under § 1985(3). The district court summarily denied the motion.

In his appeal, Branham essentially reasserts his conspiracy argument as explained in his motion for reconsideration. He also moves for miscellaneous relief.

Upon de novo review, we conclude that the district court properly dismissed the complaint for failure to state a claim. *See* Fed.R.Civ.P. 12(b)(6); *Wright v. Metro-Health Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir.1995). Generally, absent extraordinary circumstances, a federal court must decline to interfere with pending state proceedings where important state interests are involved. *Younger v. Harris*, 401 U.S. 37, 44–45, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Abstention is appropriate where: 1) there is an ongoing state judicial proceeding; 2) the proceeding implicates important state interests; and 3) the state proceeding provides an adequate opportunity to raise constitutional challenges. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982) (applying *Younger* to state bar disciplinary hearing). "[F]or a federal court to abstain from reaching the merits of a case under *Younger*, it must be assured that there exists a definite opportunity for the federal plaintiff to raise his constitutional claims on direct state judicial review of the state administrative proceedings." *Parker v. Kentucky Bd. of Dentistry*, 818 F.2d 504, 509 (6th Cir.1987).

All three prongs of *Middlesex* are met. Attached to Branham's complaint was a copy of the state court criminal docket sheet indicating that judicial proceedings were ongoing. Criminal matters clearly

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

implicate important state interests, and Branham may raise constitutional challenges during criminal proceedings in Michigan either during trial or on appeal. *See Tindall v. Wayne County Friend of Court,* 269 F.3d 533, 539–40 (6th Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 1540, 152 L.Ed.2d 467 (2002).

Even if the *Younger* abstention doctrine were not applicable, Branham's complaint was still subject to dismissal. To establish a cause of action under § 1985(3), a plaintiff must show that the named defendants were involved in misconduct that was motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Bartell v. Lohiser,* 215 F.3d 550, 559–60 (6th Cir.2000) (quoting *United Bhd. of Carpenters & Joiners of Am., Local 610 v. Scott,* 463 U.S. 825, 829, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983)). Branham's complaint contained no factual allegations that the defendants' actions were based upon his race or membership in any protected class, and his other allegations of the defendants' misconduct are conclusory. *See Gutierrez v. Lynch,* 826 F.2d 1534, 1538–39 (6th Cir.1987) (allegations of conspiracy must be pleaded with specificity).

Accordingly, all pending motions are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.